UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAYRON YAHIR REYES GONZALEZ,

      Petitioner,

v.

                                     Case No. 3:26-cv-443-MMH-SJH

WARDEN, BAKER CORRECTION
INSTITUTION and U.S. ATTORNEY
GENERAL,

      Respondents.

---

## **ORDER**

### **I. Status**

Petitioner Jayron Yahir Reyes Gonzalez, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition) on March 2, 2026. The Federal Respondent (United States Attorney General) filed a Response to Petition for Writ of Habeas Corpus (Doc. 13; Response). Respondent Warden filed a Motion to Dismiss (Doc. 8; Motion to Dismiss), arguing he is not a proper respondent in this case. Gonzalez has filed a Reply (Doc. 9). This case is ripe for review.

### **II. Background**

Gonzalez, a citizen of Honduras, entered the United States without inspection at an unknown date and time. See Doc. 8-1 at 4. On February 9,

2026, officers of the St. John's County Sheriff's Office stopped Gonzalez's vehicle. Id. at 3. During the stop, a United States Border Patrol agent determined that Gonzalez was not lawfully present in the United States, and Gonzalez was transported to the Jacksonville Border Patrol Station for processing. Id. Gonzalez subsequently admitted that he had illegally entered the United States and did not possess documents that would allow him to remain in the country. Id. at 4. United States Immigration and Customs Enforcement (ICE) assumed custody of Gonzalez, id. at 5, and he was served with a notice to appear for immigration proceedings commencing February 10, 2026, id. at 6.

### III. Analysis

In Count One of his Petition, Gonzalez argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is entitled to a bond hearing. See Petition at 9. The Court first addresses the Federal Respondent's arguments that two statutory provisions—8 U.S.C. § 1252(g) and § 1252(b)(9)—deprive this Court of jurisdiction to adjudicate Gonzalez's claim.[1]

---

[1] The Federal Respondent does not appear to raise a defense based on Gonzalez's failure to exhaust. See generally Response.

See Response at 6. Because the Court rejects those arguments, the Court then addresses the merits of Gonzalez's claim.

### a. 8 U.S.C. § 1252(g)

Section 1252(g) states in pertinent part that "no court shall have jurisdiction to hear any cause or claim by . . . any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). "It is a 'discretion-protecting provision' designed to prevent the 'deconstruction, fragmentation, and hence prolongation of removal proceedings.'" Camarena v. Dir., Immigr. & Customs Enf't, 988 F.3d 1268, 1272 (11th Cir. 2021) (quoting Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 487 (1999)). Nevertheless, the provision "does not cover 'the universe of deportation claims.'" Id. (quoting Reno, 525 U.S. at 482). Indeed, the Supreme Court has explained that section 1252(g) should be narrowly read to encompass only the "three discrete actions that the Attorney General may take: her decision or action to commence proceedings, adjudicate cases, or execute removal orders." Reno, 525 U.S. at 482 (internal quotation marks and citation omitted). While "'many other decisions or actions' may be 'part of the deportation process,' only claims that arise from one of the covered actions are excluded from [court] review" by this section. Camarena, 988 F.3d at 1272.

3

Here, Gonzalez is not attacking ICE's decision to commence removal proceedings, adjudicate his case, or execute an order of removal. Instead, Gonzalez is attacking ICE's decision to treat him as an "applicant for admission" under § 1225(b), which imposes mandatory detention, rather than as a noncitizen under § 1226(a), which permits a bond hearing before an immigration judge. Thus, the Court finds that § 1252(g) does not bar Goznalez's claim.

### b. 8 U.S.C. § 1252(b)(9)—the "Zipper Clause"

Under the "Zipper Clause," "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order." 8 U.S.C. § 1252(b)(9). But "§ 1252(b)(9) 'does not present a jurisdictional bar' where those bringing suit 'are not asking for review of an order of removal,' 'the decision . . . to seek removal,' or 'the process by which . . . removability will be determined.'" Dep't of Homeland Sec. v. Regents of the Univ. of Cal., 591 U.S. 1, 19 (2020) (quoting Jennings v. Rodriguez, 583 U.S. 281, 294–95 (2018)). The Eleventh Circuit has "clarified that the zipper clause only affects cases that 'involve[ ] review of an order of removal.'" Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.,

4

964 F.3d 1250, 1257 (11th Cir. 2020) (quoting Madu v. U.S. Att'y Gen., 470 F.3d 1362, 1367 (11th Cir. 2006)).

Here, Gonzalez does not appear to have a final order of removal. Nor is he seeking to challenge the decision to seek removal or the process by which removability will be determined. Instead, as found above, he is challenging his classification under § 1225(b), which requires mandatory detention. Thus, § 1252(b)(9) does not bar this Court's review of his claim.

### c. Merits of Count One

The underlying premise of Gonzalez's claim in Count One is that he should be classified under 8 U.S.C. § 1226(a) and afforded a bond hearing before an immigration judge instead of being mandatorily detained under 8 U.S.C. § 1225(b)(2). The Court examines each of these statutes in turn.

Section 1225 governs "applicants for admission," which the statute defines as "[a]n alien present in the United States who has not been admitted" or those "arriv[ing] in the United States." 8 U.S.C. § 1225(a)(1); see Jennings, 583 U.S. at 287 (noting that under § 1225, "an alien who arrives in the United States, or is present in this country but has not been admitted, is treated as an applicant for admission" (internal quotation marks and citation omitted)). The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration

5

officer." 8 U.S.C. § 1101(a)(13). Immigration laws require applicants for admission to be inspected by immigration officers to determine whether they should be admitted into the country. <u>Jennings</u>, 583 U.S. at 287. Certain applicants are subject to expedited removal. <u>See</u> 8 U.S.C. § 1225(b)(1). But, as relevant here, § 1225(b)(2) "serves as a catchall provision," <u>Jennings</u>, 583 U.S. at 287, and provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained," 8 U.S.C. § 1225(b)(2)(A).

On the other hand, section 1226(a) states: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General "<u>may</u> continue to detain the arrested alien" or "<u>may</u> release the alien on bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)(2) (emphasis added). The Supreme Court has recognized that this section "applies to aliens already present in the United States." <u>Jennings</u>, 583 U.S. at 303.

"'For the past three decades,'" the government has recognized "this dichotomy." <u>Lopez v. Hardin</u>, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245, at *4 (M.D. Fla. Oct. 29, 2025) (quoting <u>Pizarro Reyes v. Raycraft</u>, No. 25-CV-12546, 2025 WL 2609425, at *4 (E.D. Mich. Sept. 9, 2025) (appeal filed Oct. 24,

6

2025)). On July 8, 2025, however, the government changed course when the Department of Homeland Security (DHS) issued the following guidance:

> An "applicant for admission" is an alien present in the United States who has not been admitted or who arrives in the United States, whether or not at a designated port of arrival. INA § 235(a)(1). **Effective immediately, it is the position of DHS that such aliens are subject to detention under INA § 235(b) and may not be released from ICE custody except by INA § 212(d)(5) parole.** These aliens are also ineligible for a custody redetermination hearing ("bond hearing") before an immigration judge and may not be released for the duration of their removal proceedings absent a parole by DHS. For custody purposes, these aliens are now treated in the same manner that "arriving aliens" have historically been treated.

ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025). The BIA adopted and applied this policy in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (2025). But district courts around the country have largely rejected the government's new interpretation of these regulations. See, e.g., Cetino v. Hardin, No. 2:25-CV-1037-JES-DNF, 2025 WL 3558138, at *3 (M.D. Fla. Dec. 12, 2025); Robles v. U.S. Dep't of Homeland Security, No. 1:25-CV-1578, 2025 WL 3558128, at *6 & n.3 (W.D. Mich. Dec. 12, 2025); Martinez-Martinez v. Noem, No. 25CV2975-GPC(VET), 2025 WL 3552746, at *6 (S.D. Cal. Dec. 11, 2025) ("Given the Government's longstanding interpretation of §§ 1225(b) and 1226(a), the

[c]ourt is further persuaded that 'seeking admission' applies to arriving aliens and not aliens who have entered without inspection and lived in the United States for years."); Belsai D.S. v. Bondi, 810 F. Supp. 3d 1016, 1023 (D. Minn. 2025) ("Overwhelmingly, courts have rejected the interpretation offered by [the r]espondents that § 1225(b)(2) requires the detention of all noncitizens living in the country who are 'inadmissible' because they entered the United States without inspection."); Pizarro Reyes, 2025 WL 2609425, at *7 (collecting cases). But see Lopez v. Dir. of Enf't & Removal Operations, - - - F. Supp. 3d - - -, 2026 WL 261938, at *8 (M.D. Fla. Jan. 26, 2026) (disagreeing with the statutory interpretation that noncitizens seeking admission form "a distinct and narrower class than applicants for admission"); Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *3 (E.D. Mo. Nov. 10, 2025) (finding that § 1225(a)(1) "explicitly includes more than just arriving aliens in the definition of 'applicant[s] for admission'"); Vargas Lopez v. Trump, 802 F. Supp. 3d 1132, 1142 (D. Neb. 2025) (finding that "just because [the petitioner] illegally remained in this country for years does not mean that he is suddenly not an 'applicant for admission' under § 1225(b)(2)").

Until recently, appellate courts had yet to weigh in on the issue. On February 6, 2026, the Fifth Circuit Court of Appeals issued a published, but not unanimous opinion, reaching the opposite conclusion. See Buenrostro-

8

Mendez v. Bondi, 166 F.4th 494, 498 (5th Cir. 2026). The majority concluded that an alien without lawful admission who has been present in the United States for a period of time is subject to mandatory detention under § 1225(b)(2).[2] See id. That decision is not binding here. And while the Court respects the reasoned decision of the majority, the dissenting opinion is more persuasive. As such, the Court adopts the reasoning of the Buenrostro-Mendez dissent in full. See id. at 508–21 (Douglas, J., dissenting). For these reasons, the Court rejects the Federal Respondent's arguments that Gonzalez is subject to mandatory detention under § 1225(b)(2).

It is undisputed that Gonzalez entered the United States without inspection and has been residing here for some time. Thus, he is not properly detained under § 1225(b)(2) as the Federal Respondent contends. Instead, his detention is governed by § 1226, and the Petition is due to be granted.

---

[2] In a published, non-unanimous opinion, the Eight Circuit Court of Appeals reached the same conclusion as the Fifth Circuit. See Avila v. Bondi, - - - F.4th - - -, 2026 WL 819258, at *6 (8th Cir. Mar. 25, 2026).

Notably, a circuit split is likely on this issue. In ruling on a motion to stay pending appeal, the Seventh Circuit preliminarily determined that DHS was not likely to prevail on its argument that "§ 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders." Castanon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1062 (7th Cir. 2025). The issue is also before the Eleventh Circuit. See Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065 (11th Cir.) (oral argument held Mar. 26, 2026).

### e. Motion to Dismiss

In the Motion to Dismiss, Respondent Warden asks the Court to "dismiss [him] from this proceeding with prejudice" as an improper respondent. Motion to Dismiss at 12. He argues that ICE is Gonzalez "'immediate custodian'" and "the director of ICE's local field office responsible for [Baker Correctional Institute] – not its 'warden' – is the proper respondent." Id.

There is much confusion and difference of opinions on who the proper respondent is when an immigration detainee files a § 2241 petition. The Court recognizes Respondent Warden's argument that while a warden may technically maintain day-to-day control of a facility, the warden does not have ultimate control over an immigration detainee's custody status, and a warden is ill-equipped to respond to a habeas petition and defend the federal government's interests. Nevertheless, the warden is the "immediate custodian" and presumably the individual who, upon ICE's direction, opens the door to release the detainee. Given the uncertainty and wide-ranging decisions on this particular issue, the Court declines to find that the warden is not a proper respondent. See, e.g., Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) ("[W]e hold that an alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in

10

which he is being detained."); Pak v. Hoover, No. 3:26-CV-00379, 2026 WL 624165, at *1 n.1 (M.D. Pa. Mar. 5, 2026) (maintaining the warden as the only respondent, but recognizing that "the government will be bound by the [c]ourt's judgment because [the warden] is acting as an agent of the federal government by detaining [the petitioner] on behalf of [ICE]"); Cid-Barrios v. Raycraft, No. 25-13630, 2025 WL 3724377, at *4 (E.D. Mich. Dec. 24, 2025) ("[T]he Acting Director of Enforcement and Removal Operations for the USCIS Detroit Field Office, and not the administrator of the contract detention facility in Lake County, is the proper respondent to be named in a habeas corpus petition filed by a non-citizen challenging his detention under section 2241."); Krechmar v. Parra, No. 2:25-CV-01095-SPC-DNF, 2025 WL 3620802, at *2 (M.D. Fla. Dec. 15, 2025) (recognizing that "[t]he warden of Alligator Alcatraz would be ill-equipped to respond to the merits of [the petitioner's] claims and to be the sole defender of the federal government's interests" (emphasis added)); Beltran v. Raycraft, - - - F. Supp. 3d - - - , 2025 WL 3237429, at *11–12 (W.D. Mich. Nov. 20, 2025) (recognizing that while the Sixth Circuit has concluded that a noncitizen must generally name his immediate custodian, that is ICE's district director for the district in which he is confined, there are exceptions, such as naming the Secretary of DHS to ensure at least one respondent maintains authority over the petitioner's custody in the event he is transferred out of the

11

district; dismissing all respondents other than the Secretary of DHS, including the warden of the facility at which the noncitizen was housed). As such, the Motion to Dismiss is due to be denied.

## IV. Remedy

The Court next considers the appropriate relief in this case. The Federal Respondent urges the Court to direct a bond hearing, see Response at 6, rather than the immediate release Gonzalez seeks, see Petition at 11. At the same time, the Federal Respondent asserts that "only EOIR [Executive Office for Immigration Review] can provide a bond hearing. That said, if ordered, ICE would do what is in its power to facilitate a hearing." Response at 6–7.

The Court is not persuaded by the Federal Respondent's contention that an order directing a bond hearing would be the appropriate relief. First, the Federal Respondent had ample opportunity to argue that Gonzalez is or would be subject to detention under § 1226, but he failed to do so. Without any lawful basis for his detention at this time, the Court can only find that Gonzalez is entitled to immediate release. See, e.g., Rivero v. Mina, - - - F. Supp. 3d - - -, 2026 WL 199319, at *4 (M.D. Fla. Jan. 26, 2026); Bethancourt Soto v. Soto, 807 F. Supp. 3d 397, 410 (D.N.J. 2025).

Second, the Federal Respondent's representation that it will attempt to "facilitate" a bond hearing is, simply, not good enough. This is particularly true

12

where an immigration judge is likely to refuse to conduct a bond hearing, citing Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 220 (BIA 2025). In the event that occurs, Gonzalez would receive no relief at all, and the writ of habeas corpus issued in this case would be rendered entirely meaningless. Therefore, the Court finds the most appropriate relief is release from detention.

### V. Conclusion

Based on the above, the Court finds Gonzalez is entitled to immediate release because he is not properly detained under § 1225(b)(2). Since the Court will grant the Petition on the basis of Count One, it does not, and need not, address Gonzalez's remaining claims. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Accordingly, it is **ORDERED**:

1.      Gonzalez's Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED**. Respondents shall release Gonzalez **within 24 hours of this Order**. At least five (5) hours before releasing Gonzalez, Respondents shall provide Gonzalez with access to a telephone to arrange transportation from the detention facility.

2.     Respondent Warden, Baker County Jail's Motion to Dismiss Amended Petition for Writ of Habeas Corpus (Doc. 7) is **DENIED**.

3.     The **Clerk** is directed to terminate any motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 4/16
c:
Jayron Yahir Reyes Gonzalez
Counsel of Record